IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALBERT GUARDADO, | No. C 08-03268 CW (PR) |
| Petitioner, | ORDER DENYING STAY PENDING ISSUANCE OF MANDATE IN <u>HAYWARD v. MARSHALL</u> |
| v. | |
| J. DAVIS, et al., | (Docket no. 9) |
| Respondents. / | |

On July 7, 2008, Petitioner Paul Albert Guardado, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the September 25, 2007 denial of parole by the California Board of Parole Hearings (Board).[1] On November 12, 2008, the Court issued an order to show cause.

On May 16, 2008, the Ninth Circuit granted <u>en banc</u> review in <u>Hayward v. Marshall</u>. <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), <u>reh'g en banc granted</u>, No. 06-55392, slip op. 5923 (9th Cir. May 16, 2008). The issues in <u>Hayward</u> include whether: (1) the district court must issue a Certificate of Appealability for the Ninth Circuit to have appellate jurisdiction; (2) prisoners have a

---

[1] Petitioner previously filed four separate federal habeas corpus petitions challenging the 2002, 2003, 2004 and 2006 denials of parole by the Board which were consolidated into case number C 05-00194 CW. On April 9, 2008, the Court issued an Order Granting Petition for Writ of Habeas Corpus in case C 05-00194 CW and remanded to the Board to hold a new hearing and to re-evaluate Petitioner's suitability for parole in accordance with the Order. On August 12, 2008, the Board issued its decision and again found Petitioner not suitable for parole. Petitioner filed an application for an order enforcing the Court's April 9, 2008 Order. On January 22, 2009, the Court issued an Order Granting Petitioner's application and remanded to the Board to submit its decision along with the Court's orders to the Governor for his review.

constitutionally protected liberty interest in parole; and (3) if a liberty interest is created, what process is due under clearly established Supreme Court authority. (<u>Hayward</u> Resp't Brief at 1.)

Before the Court is Respondent's motion to stay proceedings until the mandate in <u>Hayward</u> is issued.

Habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." <u>INS v. Yong</u>, 208 F.3d 1116, 1120 (9th Cir. 2000). "A long stay . . . threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." <u>Id.</u>

Oral argument was heard in <u>Hayward</u> on June 24, 2008. Subsequently, on July 10, 2008, Ninth Circuit Chief Judge Alex Kozinski directed the parties to file supplemental briefing by July 18, 2008 in light of "the Court's decision to rehear this case en banc pursuant to Circuit Rule 35-3, and the discussion and apparent non-objection of the parties at oral argument that [the Court] should vacate and defer submission pending the California Supreme Court's decisions in <u>In re Lawrence</u>, No. S154018 (Cal. argued June 4, 2008), and <u>In re Shaputis</u>, No. S155872 (Cal. argued June 4, 2008) . . . ." (<u>Hayward</u> July 10, 2008 Order at 1.) On August 21, 2008, the California Supreme Court issued decisions in <u>In re Lawrence</u> and <u>In re Shaputis</u>. Recently, the Ninth Circuit directed the appellant in <u>Hayward</u> to file supplemental briefing by October 8, 2008 addressing the application of these two California Supreme

2

Court decisions to <u>Hayward</u>.  The appellee in <u>Hayward</u> was directed to file a reply brief by October 29, 2008.

Respondent asserts that a stay is warranted on the basis of judicial economy because "the resolution in <u>Hayward</u> could significantly impact this case . . . ."  (Mot. for Stay at 2.)  It is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy and to prevent an intra-district split in decisions.  <u>Yong</u>, 208 F.3d at 1120-22.

Accordingly, the request for a stay (docket no. 9) pending issuance of the mandate in <u>Hayward</u> is hereby DENIED.  However, because the Court has ordered the Board in C-05-00194 to submit its decision to the Governor along with this Court's order granting a writ of habeas corpus, the Court will delay the answer in this case.

Within <u>one hundred eighty (180) days</u> Respondents shall file with this Court and serve upon Petitioner and Petitioner's counsel an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondents shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondents within <u>thirty (30) days</u> of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and

3

ready for decision <u>thirty (30) days</u> after the date Petitioner is served with Respondents' Answer.

Respondents may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of non-opposition to the motion within <u>thirty (30) days</u> of receipt of the motion, and Respondents shall file with the Court and serve on Petitioner a reply within <u>fifteen (15) days</u> of receipt of any opposition.

Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 2/3/09

_____
CLAUDIA WILKEN
United States District Judge