IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALBERT GUARDADO,<br><br>      Petitioner,<br><br>  v.<br><br>MARGARITA PEREZ, et al.,<br><br>      Respondents.<br>_____ | No. 05-00194 CW<br><br>ORDER DENYING PETITIONER'S MOTION TO RECONSIDER AND VACATING JUDGMENT |
| PAUL ALBERT GUARDADO,<br><br>      Petitioner,<br><br>  v.<br><br>J. DAVIS, Chairman, California Board of Parole Hearings, et al.,<br><br>      Respondents.<br>_____/ | No. 08-003268 CW<br><br>ORDER VACATING STAY AND DENYING PETITION |

    In case number C 05-0194 CW, Petitioner Paul Albert Guardado, a state prisoner, files an emergency motion for reconsideration, challenging the Governor's July 23, 2009 decision reversing the June 23, 2009 decision of the Board of Parole Hearings (BPH) granting him a parole date.  Respondents oppose the motion and Petitioner has filed a reply.  In case number C 08-3268 CW, Respondents file a motion to dismiss the petition.  Petitioner has filed a letter requesting the Court to stay ruling on Respondents' motion to dismiss until it has considered his motion for reconsideration in case C 05-0194 CW.  The matters were taken under submission and decided on the papers.  Having considered all the

papers filed by the parties, the Court denies Petitioner's motion for reconsideration in case number C 05-0194 CW and grants Respondent's motion to dismiss the petition in case number C 08-3268 CW.  The Court denies certificates of appealability in both cases.

## BACKGROUND

I. Case Number C 05-0194 CW

Petitioner filed several petitions for habeas corpus relief challenging BPH's decisions finding him unsuitable for parole. These petitions were consolidated in the instant action.  On April 9, 2008, the Court issued an Order Granting Petition for Writ of Habeas Corpus, invalidating BPH's 2006 decision denying parole. The order was based on BPH's failure to cite some evidence that Petitioner would be a danger to the public if released.  Judgment was entered in favor of Petitioner on the same day.  During 2009, Petitioner filed several motions to enforce the judgment, which the Court granted.  On June 23, 2009, BPH conducted a date calculation hearing and set a release date for Petitioner.  On July 23, 2009, the Governor reversed BPH's June 23, 2009 decision on the ground that Petitioner's release would pose an unreasonable risk to public safety.  On April 25, 2011, the Ninth Circuit reversed this Court's April 9, 2008 order granting habeas relief, citing Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011), in which the United States Supreme Court "held that reviewing California's 'some evidence' standard 'is no part of the Ninth Circuit's business'" and that the Constitution "affords parole applicants only 'minimal' due process: an opportunity to be heard and a statement of reasons why parole

2

was denied." <u>Guardado v. Perez</u>, No. 09-17832 (9th Cir. April 25, 2011). On May 17, 2011, the Ninth Circuit issued its mandate.

II. Case Number C 08-3268 CW

In this case, Petitioner filed a petition for writ of habeas corpus challenging BPH's September 25, 2007 decision that he was unsuitable for parole. On January 20, 2010, the Court stayed this petition because Respondents' appeal of the Court's order granting habeas relief in case number C 05-0194 CW was pending before the Ninth Circuit and, if the Ninth Circuit affirmed that order, the 2008 petition would become moot.

## DISCUSSION

I. Motion for Reconsideration in C 05-0194 CW

Petitioner argues that <u>Cooke</u>'s holding, that federal courts cannot review whether some evidence supported the state's decision that the prisoner would be a danger to the public if released, does not foreclose his procedural argument that the Governor was without authority to reverse BPH's June 23, 2009 decision setting a release date for him. Petitioner's efforts to circumvent the Supreme Court's ruling in <u>Cooke</u> are not persuasive.

In light of <u>Cooke</u>, the Court's April 9, 2008 Order and judgment were erroneous and were correctly reversed by the Ninth Circuit. Likewise, in light of <u>Cooke</u>, the Court's subsequent orders enforcing the judgment were in error, and BPH's June 23, 2009 decision setting a release date pursuant to those orders was erroneous. Therefore, whether the Governor acted without authority to reverse BPH's June 23, 2009 decision is moot, given that BPH would not have ordered Petitioner's release but for this Court's

orders.

Therefore, the Court denies Petitioner's motion for reconsideration. The April 9, 2008 judgment is vacated. An amended judgment denying the petition will be entered separately.

II. Motion to Dismiss in C 08-3268 CW

The Court stayed the petition in case C 08-3268 CW prior to the Supreme Court's decision in <u>Cooke</u>, which foreclosed federal review of whether the state's parole denial was based on some evidence of the prisoner's dangerousness. Petitioner's petition raises the same claim, that BPH found him unsuitable for parole without some evidence that he would be a danger to the public if released. Because the Court cannot grant relief on such a claim, the stay of the petition is vacated and the petition is denied. Judgment shall be entered separately.

III. Certificates of Appealability

The Court must rule on a certificate of appealability. <u>See</u> Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that, in each case, Petitioner has not made a sufficient showing of the denial of a constitutional right to justify a certificate of appealability.

CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration in case number C 05-0194 CW is denied and the April

4

9, 2008 judgment is vacated.  An amended judgment denying the petition will be issued separately.  The stay in case number C 08-3268 CW is vacated and the petition is denied.  A judgment shall be issued separately.  Certificates of appealability are denied in both cases.

   IT IS SO ORDERED.

Dated: 10/12/2011

CLAUDIA WILKEN
United States District Judge